# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN L. SIMPSON, 07232-030 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-844-DRH |
| ) | |
| JAMES CROSS ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on Petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed relating to his plea of guilty that was entered by the U.S. District Court for the Central District of Iowa on July 12, 2005.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing

the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post conviction relief

can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead, Petitioner merely asserts that his conviction for third degree burglary should not have been used to elevate his status as an armed career criminal, thereby increasing his prison sentence. Where a petitioner is merely attacking his sentence, instead of making a claim that he is actually innocent of the crime for which he was sentenced, the correct motion to be filed is a § 2255 motion. *Davenport*, 147 F.3d at 609-10. Petitioner filed a § 2255 motion in October 2006, and it was in such a motion that Petitioner could have raised his current claim. Although the cases Petitioner cites for evidence that he is not in fact an armed career criminal were decided after his § 2255 motion was decided, he may petition the Eighth Circuit to file a successive § 2255 motion on these grounds. As such, § 2255 does not prove to be an inadequate remedy for Petitioner's current claim, and consistent with *Davenport*, Petitioner cannot raise his current claim under the awning of § 2241.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice. The Court notes that in his writ Petitioner has listed his first name as 'Byran', but has signed it as 'Bryan' in other places. The Court has investigated through the Federal Bureau of Prisons, and notes that Petitioner's first name is in fact Bryan and not 'Byran' as it is listed on the docket and in the caption of Petitioner's writ. The Clerk is instructed to correct this typographical error so that Petitioner's first name reads 'Bryan' on the docket sheet.

Turning to Petitioner's motion to proceed *in forma pauperis* (Doc. 2), the Court notes that the full filing fee of $5.00 was received in this case on 10/28/2010. Thus, Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2011.

David R. Herndon
2011.02.03
15:20:25 -06'00'

**Chief Judge
United States District Court**