IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYAN LEE SIMPSON,
Inmate #07232-030,

    Petitioner,

    vs.                                   Case No. 10-cv-0844-DRH

JAMES CROSS,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's March 28, 2012 motion to proceed with late appeal (Doc. 23). Petitioner filed his Notice of Appeal (Doc. 11) in this case on July 19, 2011, and filed a motion for leave to proceed *in forma pauperis* ("IFP") on appeal that same day (Doc. 14). On August 16, 2011, the undersigned judge granted petitioner's motion for leave to proceed IFP on appeal and ordered petitioner to pay an initial partial filing fee of $49.31 (Doc. 19).

    On October 13, 2011, petitioner's appeal was dismissed by the United States Court of Appeals for the Seventh Circuit for failure to pay the required docketing fee (Doc. 20). Previously, the Seventh Circuit had ordered petitioner to show cause why his appeal should not be dismissed for failure to pay the fee (Doc. 6 in Appeal No. 11-2663). Petitioner failed to respond to that show cause order.

    On January 18, 2012, this Court modified the original order granting petitioner's IFP status to reflect that he only had to pay a one-time fee of $49.31,

and that the remainder of the $455.00 appellate filing and docketing fee was waived (Doc. 21). As of June 11, 2012, the Clerk's Office has received the full $49.31 one-time payment, with the first funds received on January 30, 2012 (Doc. 22).

In the instant motion, petitioner asks that his appeal be allowed to proceed since he paid the required filing fee, or, in the alternative, that the appellate docketing fee of $49.31 be returned to him. Notably, although petitioner filed his motion in this District Court, the wording of his motion indicates that he is under the mistaken belief that he is addressing the Court of Appeals for the Seventh Circuit. However, the electronic docket sheet for Appeal No. 11-2663 reflects that petitioner's motion has not been filed in that court. Petitioner should take notice that any motion or pleading addressed to the appellate court must be filed by mail at: Clerk's Office, U.S. Court of Appeals, Room 2722, 219 S. Dearborn Street, Chicago, IL 60604. A motion filed in this District Court will not be transmitted to the appellate court for filing there.

Nonetheless, petitioner's arguments regarding proper assessment of the appellate filing and docketing fee are properly addressed to this Court, because this fee assessment was made by the undersigned Judge.

Petitioner is under the assumption that because his appeal was dismissed by the Seventh Circuit that he is not liable for any appellate filing fee. This is not the case. An appellant's obligation to pay the appellate filing fee continues even where the appeal has been dismissed. *See Ammons v. Gerlinger*, 547 F.3d 724,

725-26 (7th Cir. 2008); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Although full payment of the $455.00 appellate filing fee is not required in a habeas action under 28 U.S.C. §§ 2241 or 2254, "[a] court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so." *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (courts cannot use the installment payment procedure established by the Prisoner Litigation Reform Act (PLRA) in 28 U.S.C. § 1915(b)(2) to collect filing fees in habeas appeals).

In regard to the district court's discretion in ruling on an IFP request, the *Walker* court references *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In *Longbehn*, the district court, after recognizing that the PLRA did not apply to a habeas proceeding, nevertheless exercised its discretion to adopt the PLRA formula in § 1915(b)(1) in order to calculate a reasonable partial payment of an appellate filing fee where the petitioner had requested to proceed IFP. *Longbehn*, 169 F.3d at 1083 (affirming *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164 (W.D. Wis. 1998)). The Seventh Circuit stated that this exercise of discretion was sound, and further "commend[ed] [the Judge's] approach to other district judges." *Id.*

Under the approach recommended in *Longbehn*, this Court adopted the PLRA formula to calculate a partial payment of $49.31 in this case. The undersigned Judge is persuaded that this use of § 1915(b)(1) is a proper exercise

of the Court's discretion in arriving at a fair, sliding-scale formula for an appropriate one-time partial fee payment.

Accordingly, that portion of petitioner's motion (Doc. 23) which requests a refund of his $49.31 appellate filing and docketing fee is **DENIED.** As to petitioner's request to allow his appeal to proceed now that he has belatedly paid the required fee, this Court is without jurisdiction to grant such relief. Petitioner must direct any motion regarding reinstatement of his appeal to the Court of Appeals for the Seventh Circuit. Further, the Court denies as moot petitioner's November 27, 2012 motion for status (Doc. 26).

IT IS SO ORDERED.

DATED January 10, 2013.

David R. Herndon
2013.01.10
18:14:21 -06'00'
_____
United States Chief District Judge