IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRYAN LEE SIMPSON, # 07232-030,**

Petitioner,

vs.                                               Case No. 10-cv-844-DRH

**JAMES CROSS,**

Respondent.

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter is before the Court on Petitioner's "Resubmission of Previously Filed § 2241 Motion Based on Newly Enacted Law," filed January 11, 2013 (Doc. 28). The Court has construed this pleading as a motion for reconsideration of its previous order dismissing the original § 2241 petition with prejudice (Doc. 6, dated Feb. 3, 2011). Petitioner is confined at the Greenville Federal Correctional Institution ("Greenville").

The substance of petitioner's § 2241 claim is as follows. He pled guilty to being a felon in possession of a firearm, and was sentenced on July 12, 2005, to 180 months in prison. *United States v. Simpson*, Case No. 04-cr-088 (S.D. Iowa, Doc. 48). His sentence was enhanced (to a mandatory minimum of 180 months) under the Armed Career Criminal Act (18 U.S.C. § 924(e)) when the trial court found, over petitioner's objection, that his Iowa conviction for third degree burglary qualified as a third predicate violent felony (Doc. 28, p. 5). Without this

sentence enhancement, his sentencing range would have been between 77 and 96 months. *Id.*

Subsequent Supreme Court decisions have significantly altered the application of the Armed Career Criminal Act ("ACCA"). *See Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 533 U.S. 137, 142 (2008) (to determine whether a given offense is a "violent felony" within the meaning of the ACCA, a sentencing court must analyze the elements of the offense to determine if it is similar in nature to the offenses enumerated in the ACCA; offense of driving under the influence of alcohol is not a "violent felony"). In the Seventh Circuit, the new rule in *Begay* was held to apply retroactively to cases on collateral review. *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010). More recently, the circuit extended the application of this rule in a collateral attack on a sentence, where the defendant had been subjected to an increased Sentencing Guidelines range based on a pre-*Begay* determination that his escape convictions were "crimes of violence." *Narvaez v. United States*, 674 F.3d 621, 628-29 (7th Cir. 2011).

Based on these decisions, petitioner argues that he never should have been classified as an armed career criminal, because his Iowa conviction for "burglary in the third degree" was not a violent felony (Doc. 28, p. 6-7). Iowa law defined his crime as the burglary of an unoccupied motor vehicle, which is an aggravated misdemeanor for a first offense, but is enhanced to a felony for a second or subsequent conviction. Because this crime, by definition, did not involve any

actual or potential use of force against a person, he argues it could not have posed a risk of injury to another, and should not have been considered a "violent felony" such as to enhance his conviction or sentence.

**PROCEDURAL HISTORY**

Petitioner appealed his 2005 conviction and sentence, but the judgment was affirmed on May 26, 2006 (Doc. 59 in criminal case). He then brought an unsuccessful challenge under 28 U.S.C. § 2255; the district court's judgment in that action was affirmed by the United States Court of Appeals, Eighth Circuit, on April 25, 2007. *Simpson v. United States*, Case No. 06-cv-530 (S.D. Iowa). The *Begay* opinion was issued on April 16, 2008, followed by the Seventh Circuit's ruling in *Welch* on May 4, 2010.

Petitioner filed the instant action seeking relief pursuant to 28 U.S.C. § 2241 on October 22, 2010. This Court dismissed the habeas petition with prejudice on February 3, 2011 (Doc. 6), reasoning that because petitioner was not claiming innocence of the felon-in-possession conviction, he was merely attacking his sentence. Under this Court's interpretation of the law at that time, this meant that his claim should have been brought under § 2255, and he was foreclosed from any relief under § 2241.

Petitioner timely appealed the judgment dismissing this habeas case, but his appeal was ultimately dismissed for non-payment of the filing fee (Doc. 20). This Court granted his motion for leave to proceed on appeal in forma pauperis ("IFP") on August 16, 2011, directing petitioner to make an "initial partial filing

fee" payment of $49.31 (Doc. 19).[1] He was also ordered to sign and return the Consent Form for In Forma Pauperis Proceedings within 15 days,[2] after which the Clerk of Court would submit that form and the payment order to Greenville officials. The order warned petitioner that if he failed to provide the Bureau of Prisons with authorization to deduct payments from his account, his case could be dismissed. Petitioner never returned the consent form to the Court. Consequently, the IFP payment order was never sent to Greenville, and no funds were deducted from petitioner's prison account to pay the appeal fee.

When no filing fee payment was received, on September 23, 2011, the Seventh Circuit ordered petitioner to show cause as to why the appeal should not be dismissed for failure to pay (Doc. 6 in Seventh Circuit Appeal No. 11-2663). Petitioner did not respond to the show cause order, and on October 13, 2011, the Seventh Circuit dismissed his appeal (Doc. 20).

After termination of the appeal, this Court on January 18, 2012, entered a modified order for payment of the appellate fee, which was forwarded to Greenville (Doc. 21). The Greenville trust fund officer sent the initial payment of $14.42 on January 31, 2012. Four more monthly payments were deducted from

---

[1] This order was later modified to reflect that petitioner would be responsible for paying only $49.31 as an appellate filing/docketing fee, and that the remainder of the normal $455 fee would be waived (Doc. 21). In an appeal from a habeas case, the prisoner must pay according to his ability, but is not required to pay the entire $455 fee unless he has sufficient funds to do so. *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999).

[2] This consent form gives prison officials permission to deduct court filing fee payments from a federal prisoner's account when leave to proceed IFP has been granted.

petitioner's prison account, and the $49.31 appellate fee was paid in full as of June 12, 2012.

Meanwhile, petitioner filed a motion on March 28, 2012, to proceed with a late appeal (Doc. 23). This motion was written as if petitioner intended it to be filed with the appellate court, yet he filed it only in this District Court. He argued that as a habeas petitioner, he should not have been required to pay any appellate filing fee at all. The undersigned Judge denied that motion on January 11, 2013, noting that this Court is without jurisdiction to allow the appeal to proceed (Doc. 27). Reinstatement or reopening of an appeal can only be authorized by the Court of Appeals, and petitioner was admonished to direct a motion for reinstatement of the appeal to that court. Coincidentally, petitioner resubmitted the instant § 2241 motion on the same date (January 11, 2013) this Court denied his motion for late appeal. A review of the electronic docket of the appellate court indicates that to date, petitioner has not submitted any motion to the Seventh Circuit to request the reopening of his appeal.

### MOTION FOR RECONSIDERATION/RELIEF FROM JUDGMENT (DOC. 28)

Petitioner now asks to resubmit his original § 2241 petition to this Court, instead of seeking relief from the Court of Appeals. By doing so, he hopes to obtain a different outcome in light of this Circuit's expanded application of the *Begay* rule, which developed after the original disposition of his case. This Court, however, has entered a final judgment dismissing petitioner's claims with prejudice, and petitioner's appeal has now been terminated due to his inaction.

Therefore, there can be no further proceedings in this district court case unless petitioner provides grounds for relief from judgment (or, alternatively, obtains a reversal of the judgment from the appellate court if his appeal were to be reopened). In this Court, Federal Rule of Civil Procedure 60 may be a vehicle for the relief petitioner seeks, but such relief is available only under limited circumstances as defined in that rule and applicable case law.

In petitioner's motion seeking to resubmit his § 2241 petition, he argues that after this Court dismissed his original petition on February 3, 2011, subsequent rulings by this Court and by the Seventh Circuit have shown that this Court erred in dismissing his case (Doc. 28, pp. 1-2). In particular, the opinion in *Narvaez v. United States*, 674 F.3d 621, 628-29 (7th Cir. 2011), established that the *Begay* rule should apply to a challenge to a sentence enhancement that resulted from prior convictions for "violent felonies" under the ACCA or "crimes of violence" as described in the Sentencing Guidelines. The original opinion in that case was announced on June 3, 2011;[3] it was subsequently withdrawn and superseded by the December 6, 2011, opinion cited above. Following *Narvaez*, this Court has allowed some *Begay* claims to be considered in proceedings brought under § 2241, where there was a showing that the claim could not have been brought within the statutory scheme of a § 2255 motion. Just days ago, the Seventh Circuit reiterated this analysis, holding that a Delaware conviction for arson in the third degree (recklessly damaging a building) should not have been considered a "crime of violence" for armed career criminal enhancement. *Brown*

---

[3] *Narvaez*, 641 F.3d 877 (7th Cir. 2011).

*v. Caraway*, No. 12-1439, __ F.3d __, 2013 WL 1920931 (7th Cir. May 10, 2013).

Petitioner's sole argument in favor of his motion is that this Court erred as a matter of law in dismissing his original § 2241 petition. This is exactly the type of contention that is properly addressed on appeal. It is unfortunate that petitioner failed to take any steps to prevent the dismissal of his appeal, especially because his case would have been under review while the Seventh Circuit was also considering *Narvaez*. Under this Court's current understanding of the law, petitioner's claim would likely merit an order for the government to respond. However, this Court is now constrained by the procedural posture of this case and the limitations of Rule 60 and this Court's jurisdiction.

Rule 60(b) permits a court to relieve a party from an order or judgment based on the following grounds:

1) mistake, inadvertence, surprise or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Petitioner's motion does not fall within any of the first five sections of Rule 60; therefore, it may only be considered under the "catchall" provision of Rule 60(b)(6). A motion under this section must be made within a reasonable time. FED. R. CIV. P. 60(c). Despite the broad language of Rule 60(b)(6), relief under this rule "is an extraordinary remedy and is granted only in exceptional

circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Whether the circumstances in a given case are "extraordinary" is within the sound discretion of the court. *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997). In addition, when considering whether a Rule 60(b)(6) motion has been made within a "reasonable time," a court must look at the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds that might be relied upon, and the consideration of prejudice, if any, to other parties. *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004).

Importantly, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time, standardly 30 days, for appealing the judgment of a federal district court."); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or

inadvertence that comes within the ambit of rule 60(b).").

As to the timing of petitioner's motion, it was filed nearly 15 months after the order dismissing his appeal, but on the same day this Court denied his earlier motion to proceed with late appeal. Given the lengthy pendency of that prior motion (Doc. 23) before this Court, and petitioner's later inquiry into the status of his case (Doc. 26), the Court cannot say that this lapse of time is unreasonable.

Much more significant, however, is the fact that the grounds for the motion fall squarely within the realm of legal error, which petitioner could have, and should have presented to the Seventh Circuit to argue for reversal of this Court's judgment on direct appeal. As the Seventh Circuit has observed, "To allow a ground that can be adequately presented in a direct appeal to be made the basis of a collateral attack would open the door to untimely appeals, the spectre that this case illustrates." *Bell*, 214 F.3d at 801; *see also Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 479-80 (7th Cir. 2008) (district court's denial of Rule 60(b) motion was proper, because all of the arguments in the motion could have been addressed by the Seventh Circuit in the underlying appeal that was dismissed for failure to prosecute). This precedent dictates that it would be an abuse of discretion for this Court to grant petitioner relief from judgment under Rule 60(b).

Petitioner argues that to allow his improperly enhanced sentence to stand unchallenged in light of the recent legal developments on this issue would be a "miscarriage of justice" (Doc. 28, p. 2). This Court is not without sympathy to his

situation. However, more is required to support a finding that "extraordinary circumstances" warrant relief from a judgment, such as a showing that petitioner was prevented through no fault of his own from seeking relief through normal channels. The Supreme Court has indicated that even where the applicable substantive law indicates that a party seeking Rule 60 relief would have prevailed in an appeal, Rule 60 cannot be used to escape the consequences of his decision to forego an appeal. *Ackermann v. United States*, 340 U.S. 193, 200 (1950) ("the voluntary, deliberate, free, untrammeled choice of petitioner not to appeal" did not entitle him to Rule 60(b)(6) relief; no extraordinary circumstances prevented him from taking the steps required to protect his own interests). *See also Gonzalez v. Crosby*, 545 U.S. 524, 536-38 (2005) (a post-judgment change in the Supreme Court's interpretation of the habeas statute of limitations did not constitute "extraordinary circumstances" to support relief from judgment under Rule 60(b)(6)); 11 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2864 (3d ed.).

The record before the Court is silent as to why petitioner failed to take the necessary steps to avoid dismissal of his appeal, and no "extraordinary circumstances" can be assumed from this absence of information. Regardless of petitioner's apparent disagreement with this Court's assessment of an appellate filing fee (which he did not bring up until five months after the appeal was dismissed), he has presented no explanation for his failure to respond to the clear directive of the appellate court to show cause why his appeal should not be

dismissed for nonpayment of the partial fee. Nor did he comply with this Court's August 2011 order to complete and return the IFP consent form. Had he responded to either of these court orders, he might not find himself in his current position. The fee for his dismissed appeal has now been paid in full. Whether or not petitioner may reopen his original appeal from the February 3, 2011, order and judgment dismissing his case with prejudice is up to the sound discretion of the Court of Appeals.

To summarize, regardless of the merits of petitioner's argument that this Court erred as a matter of law in dismissing his original § 2241 petition, it would be improper for this Court to grant him relief from its judgment pursuant to Rule 60(b)(6) based on this legal argument, given the procedural posture of this case. Accordingly, the motion to resubmit petitioner's previously filed § 2241 motion (Doc. 28) is **DENIED.**

Plaintiff may appeal *this* order by filing a notice of appeal with this Court within thirty days of the date of this order. FED. R. APP. P. 4(a)(4). Plaintiff is **ADVISED** that an appeal from this order will be confined to the issue of whether this Court abused its discretion in denying the motion at Doc. 28; it will not reopen his original appeal of the final judgment at Doc. 7. *See Eskridge v. Cook Cnty.*, 577 F.3d 806, 808-09 (7th Cir. 2009). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $455.00 appellate filing fee (the

amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

Signed this 16th day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.16 12:18:51 -05'00'

**Chief Judge**
**United States District Court**